OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


March 9, 2000

Mr. Charles E. McMahen
Chair, University of Houston System
  Board of Regents
3100 Cullen Boulevard, Suite 205
Houston, Texas 77204-6732

Opinion No. JC-0194

Re:     Whether the governing board of an institution of higher education may conduct a meeting by telephone or videoconference call: Reconsideration of Attorney General Opinion DM-478 (1998)  (RQ-0129-JC)

Dear Mr. McMahen:

You ask whether the governing board of an institution of higher education may hold a regular meeting of the board where a quorum of board members is present at the meeting location, and other members attend via a telephone or videoconferencing connection. In connection with this question, you ask us to reconsider Texas Attorney General Opinion DM-478 (1998). We conclude that the governing board of an institution of higher education may not hold a regular meeting with board members participating from remote locations except as expressly authorized by the Open Meetings Act. A governmental body may hold a regular meeting where a quorum is present at one location and other board members participate by videoconference call if it complies with section 551.127 of the Government Code. The Open Meetings Act does not authorize the board to conduct its regular meetings by telephone nor does it allow a board member to participate in a regular meeting by telephone. Attorney General Opinion DM-478 correctly stated the law when issued and has not been superceded by statute or court decision. Accordingly, we find no basis for altering its conclusions.

You state that the Board of Regents of the University of Houston System would like to hold regular meetings at which a quorum is present but some members are unable to attend in person. Letter from Mr. Charles E. McMahen, Chair, University of Houston System Board of Regents, to Honorable John Cornyn, Texas Attorney General (Oct. 8, 1999). The absent members would be able to participate via telephone from a remote location. *Id.* You ask whether a governing board may hold regular meetings with a quorum physically present, and have board members participate in the meeting by means of telephonic connections which are audible to the public. In connection with this question, you ask us to reconsider Attorney General Opinion DM-478, which concluded that the governing body of an institution of higher education was not authorized to conduct a regular meeting by telephone conference call. Tex. Att'y Gen. Op. No. DM-478 (1998) at 4.

The Open Meetings Act (the "Act"), TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2000), includes several provisions that authorize members of a governmental body to participate in meetings using telephone or videoconference connections. *See* TEX. GOV'T CODE ANN.

§§ 551.121-551.127 (Vernon 1994 & Supp. 2000). Before these provisions were adopted, the Act did not permit governmental bodies to meet by telephone or videoconference call, nor did it authorize any board member to participate from a remote location using telephonic or videoconference connections. Tex. Att'y Gen. Op. No. JM-584 (1986); *see also* Tex. Att'y Gen. Op. No. DM-207 (1993) (in absence of specific legislative authorization, a governmental body may not permit a member to participate in a meeting via live video transmission). A member of a governmental body subject to the Act may participate in a meeting from a remote location only as expressly authorized by the Act.

You cite two provisions of the Open Meetings Act as relevant to your question. Section 551.121 of the Government Code allows the governing board of an institution of higher education to hold a meeting by telephone conference call if:

> (1) the meeting is a special called meeting and immediate action is required; and

> (2) the convening at one location of a quorum of the governing board is difficult or impossible.

TEX. GOV'T CODE ANN. § 551.121 (Vernon 1994); *see also id.* § 551.125 (Vernon Supp. 2000) (similar authorization for all governmental bodies). This provision applies only when immediate action is required and it is difficult or impossible to convene a quorum at one location. It does not authorize the board to conduct a regular meeting by telephone, or allow a board member to participate in a regular meeting by telephone.

Section 551.127 of the Government Code[1] allows a governmental body to hold a meeting by videoconference call "only if a quorum of the governmental body is physically present at one location of the meeting." *Id.* § 551.127(b) (Vernon Supp. 2000). In addition to the usual notice requirements set out in subchapter C of the Act, meetings held by videoconference call are subject to the following notice requirements:

> The notice of a meeting to be held by videoconference call must specify as a location of the meeting the location where a quorum of the governmental body will be physically present and specify the intent to have a quorum present at that location. In addition, the notice of the meeting must specify as a location of the meeting each other location where a member of the governmental body who will

---

[1]This provision was enacted in 1997 as section 551.126 of the Government Code and renumbered as section 551.127 of the Government Code in 1999. *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1038, § 2, 1999 Tex. Gen. Laws 3896-97, *renumbered by* Act of Apr. 23, 1999, 76th Leg. R.S., ch. 62, § 19.01(50), 1999 Tex. Gen. Laws 127, 414. Thus, the Government Code section 551.126 addressed in Attorney General Opinion DM-478 (1998) is now section 551.127.

> participate in the meeting will be physically present during the meeting. Each of the locations shall be open to the public during the open portions of the meeting.

*Id.* § 551.127(d).

Additional detailed requirements in section 551.127 are designed to ensure that board members are audible and visible to one another and to members of the audience. Each open portion of a meeting held by videoconference call must be visible and audible to the public at each location specified in the notice, *id.* § 551.127(e), and each location must have two-way communication with each other location during the entire meeting. *Id.* § 551.127(g). Each participant in the videoconference call, while speaking, must be clearly visible and audible to each other participant, and, during the open portion of the meeting, to the members of the public in attendance at the location of the meeting. The Department of Information Resources is required to adopt rules specifying minimum standards for audio and video signals at the meeting, *id.* § 551.127(h), and if technical difficulties cause the quality of the audio or video signal to fall below those standards, the governmental body must recess or adjourn the meeting. *See* Tex. Att'y Gen. Op. No. DM-480 (1998) at 2-3.

Section 551.127 of the Government Code clearly requires that all participants in a videoconference under its provisions be able to see as well as hear one another throughout the meeting and, during open portions of the meeting, to be seen and heard by members of the public. The Open Meetings Act does not authorize the board of an institution of higher education to conduct its regular meetings by telephone nor does it allow a board member to participate in a regular meeting by telephone. Accordingly, the governing board of an institution of higher education may not hold a regular meetings where a quorum is physically present and board members participate in the meeting from remote locations by means of telephonic connections which are audible to the public. We decline to overrule or modify Attorney General Opinion DM-478.

## S U M M A R Y

No governmental body subject to the Open Meetings Act may hold a meeting by telephone or videoconference except as expressly authorized by the Act. The governing board of an institution of higher education may hold a regular meeting where a quorum is present at one location and other members participate by videoconference call if the board complies with the provision of Government Code section 551.127. The governing board of an institution of higher education may hold a meeting by telephone conference call pursuant to section 551.121 of the Government Code only when immediate action is required and it is difficult or impossible to convene a quorum at one location. The Open Meetings Act does not authorize the board of an institution of higher education to conduct its regular meetings by telephone, nor does it allow a board member to participate in a regular meeting by telephone. Attorney General Opinion DM-478 (1998) is affirmed.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee